# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 180

Alaina Lenore Minyard,                                  Plaintiff and Appellee

v.

Matthew Ray Lindseth,                                  Defendant and Appellant

No. 20180311

Appeal from the District Court of Cavalier County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Amanda J. Engen, Devils Lake, North Dakota, for plaintiff and appellee.

Jessica D. Jensen (argued), Winnipeg, Manitoba, Canada, and Patti J. Jensen, East Grand Forks, Minnesota, for defendant and appellant.

**Minyard v. Lindseth**

**No. 20180311**

**Tufte, Justice.**

[¶1]     Matthew Lindseth appeals an amended judgment ordering him to pay Alaina Minyard $1,216 per month in child support.  We affirm, concluding the district court did not err in determining Lindseth's income for child support purposes.


I

[¶2]     Lindseth and Minyard have two children together.  Minyard is a nurse and Lindseth is a self-employed farmer.  In September 2016, Minyard sued Lindseth to determine primary residential responsibility and child support.

[¶3]     The district court entered interim orders relating to primary residential responsibility and child support.  The court awarded Minyard primary residential responsibility until the end of the 2017 school year and established Lindseth's monthly child support obligation at $353.  The parties had equal residential responsibility for the summer of 2017, and Minyard owed Lindseth $1,050 in monthly child support.  After an August 2017 trial, the court awarded Minyard primary residential responsibility.  The parties stipulated that the issue of child support would be continued to a later date.  In January 2018, the court entered an interim order establishing Lindseth's monthly child support obligation at $850 beginning in December 2017.

[¶4]     The district court tried the issue of child support in March 2018.  At trial, Lindseth submitted his tax returns from 2012 to 2016 showing he earned an average annual income of $10,034.  In its order following trial, the court found Lindseth's tax returns did not accurately reflect his income for child support purposes.  The court found Lindseth's average annual income was $72,075 on the basis of the testimony of a certified public accountant and Lindseth's balance sheets showing an annual

increase in net worth from 2012 to 2017. After taking deductions, the court found Lindseth's monthly net income was $4,277, resulting in a monthly child support obligation of $1,216. The court entered an amended judgment establishing Lindseth's monthly child support obligation at $1,216 from September 2016 through May 2017, and from September 2017 onward. Lindseth owed $85 per month from June 2017 through August 2017 when the parties shared residential responsibility.

## II

[¶5]     Lindseth argues the district court erred in calculating his income for child support purposes.

[¶6]     This Court's standard of review for child support decisions is well established:

> Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. The district court errs as a matter of law if it fails to comply with the child support guidelines in determining an obligor's child support obligation.

*Thompson v. Johnson*, 2018 ND 142, ¶ 8, 912 N.W.2d 315.

[¶7]     The child support guidelines in N.D. Admin. Code ch. 75-02-04.1 govern child support decisions. *Thompson*, 2018 ND 142, ¶ 9, 912 N.W.2d 315. A correct finding of an obligor's net income is necessary to calculate the proper amount of child support. *Id.* "Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the [district] court" of the obligor's income. N.D. Admin. Code § 75-02-04.1-02(7). After establishing the obligor's net income, the court applies that amount to the guidelines to calculate child support. *Thompson*, at ¶ 9. The amount of child support calculated under the guidelines "is rebuttably presumed to be the correct amount of child support in all child support determinations." N.D. Admin. Code § 75-02-04.1-13; *see also* N.D. Admin. Code § 75-02-04.1-09(1).

2

[¶8]    Section 75-02-04.1-05, N.D. Admin. Code, relating to self-employment income, applies to determine Lindseth's farming income.  Farming and other "[s]elf-employment activities may experience significant changes in production and income over time."  N.D. Admin. Code § 75-02-04.1-05(4).  "To the extent that information is reasonably available, the average of the most recent five years of each self-employment activity, if undertaken on a substantially similar scale, must be used to determine self-employment income."  *Id.*  "If the tax returns are not available or do not reasonably reflect the income from self-employment, profit and loss statements which more accurately reflect the current status must be used."  N.D. Admin. Code § 75-02-04.1-05(3).

[¶9]    According to Lindseth's tax returns for the years 2012 through 2016, his average yearly income was $10,034, resulting in a net monthly income of $836.  The district court found Lindseth's "tax returns are not an accurate nor reasonable reflection of his income."

> Defendant has farm management skills, yet his average yearly income using tax returns is not even 60% of average *entry level* wages for a basic farm laborer (per job service wage information) and is only about 2/3 of the yearly wages of an individual making minimum wage.  In order to accept this yearly income, the Court would have to find Defendant is earning less than half of what his two farmhands will earn, which he testified was $1,800.00 per month plus room and board.  The average yearly income using tax returns falls far below Defendant's admitted living expenses ($4,108.13 monthly/$49,297.56 annually).  Yet Defendant's net worth has increased from $591,857 in 2012 to $952,234 in 2017, an increase of $360,377.00, per documentation Defendant prepared each year with his own banking institutions.

[¶10]  The district court made its findings relating to Lindseth's income on the basis of a CPA's testimony.  She testified Lindseth's tax returns were not an accurate representation of his income for living purposes.  She testified Lindseth's balance sheets were the most accurate representation of his income:

Q. And what would you say, looking at everything that you looked at with respect to his financial information, is the most accurate representation of Mr. Lindseth's living income?

A. I would go with the balance sheet. The balance sheet numbers — balance sheets don't lie. They have to tie out; they have to correlate with income, increase in assets and liabilities. It's a more broader picture of someone's financial situation.

Q. And which one shows the balance sheet one?

A. The average net worth increase.

Q. Was that the balance sheet one? 72,075?

A. Right.

[¶11] Under the child support guidelines, the district court must determine an obligor's income using "tax returns, current wage statements, and other information." N.D. Admin. Code § 75-02-04.1-02(7). Self-employment income must be determined using the average of the most recent five years of self-employment activity if that information is available. N.D. Admin. Code § 75-02-04.1-05(4). Profit and loss statements must be used if tax returns do not reasonably reflect self-employment income. N.D. Admin. Code § 75-02-04.1-05(3).

[¶12] Here, the district court determined Lindseth's income using "other information" under N.D. Admin. Code § 75-02-04.1-02(7) after finding his tax returns did not reasonably reflect his income. The guidelines mandate the use of profit and loss statements under N.D. Admin. Code § 75-02-04.1-05(3) if tax returns are unreliable. A profit and loss statement was prepared for the year 2016; however, Lindseth did not provide the necessary documents for 2012-2015 to prepare profit and loss statements for those years. On the basis of the evidence presented, the court found Lindseth's balance sheets and his increased net worth over five years best reflected his income for child support purposes. The court based its finding on the CPA's unrefuted testimony related to Lindseth's balance sheets and net worth. Under these circumstances, we cannot conclude the court erred in determining Lindseth's income and child support obligation.

4

[¶13] Lindseth raises additional arguments related to child support. He asserts the district court erroneously applied his child support obligation retroactively in lieu of the interim orders establishing his monthly child support obligations at $353 and $850. He also argues the court erred in the child support amount from June 2017 through August 2017 when the parties shared residential responsibility. He claims the parties began sharing residential responsibility in March 2017.

[¶14] After reviewing the record, we conclude the district court did not err in its child support decisions. Throughout the proceeding, the court made clear that permanent child support would be decided at a later date. The court found the amounts Lindseth paid earlier were not correct under the guidelines based on his income, and the final judgment modified the interim orders relating to child support. The court ordered shared parenting at the conclusion of the 2016-17 school year. Minyard retained primary residential responsibility until school ended.

III

[¶15] Lindseth argues the district court failed to consider his obligation for payment of the children's health insurance premiums when calculating his net income. The court found the monthly health insurance premium paid by Minyard is more than a nominal cost, and the court ordered Lindseth to reimburse Minyard for one-half of the amount beginning May 1, 2018. The court ordered Minyard to provide Lindseth documentation each year for the cost. The amended judgment is silent as to the amount Minyard pays for health insurance, and Lindseth has not pointed to any evidence in the record showing he has made reimbursements. We therefore decline to address this argument. *See Howard v. State*, 2015 ND 102, ¶ 14, 863 N.W.2d 203 (stating judges are not ferrets obligated to search the record for evidence supporting a party's position).

IV

[¶16]  We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our decision.  Appellee's request for attorney's fees under N.D.R.App.P. Rule 38 is denied. The amended judgment is affirmed.

[¶17]  Jerod E. Tufte
Daniel J. Crothers
Jon J. Jensen
Mark T. Blumer, D.J.
Gerald W. VandeWalle, C.J.

[¶18] The Honorable Mark T. Blumer, D.J., sitting in place of McEvers, J., disqualified.