2005 ND 17

**Janet Pauline CHRISTOFFERSEN, Plaintiff and Appellee**

**v.**

**Zane Louis GIESE, Defendant and Appellant.**

No. 20040143.

Supreme Court of North Dakota.

Jan. 19, 2005.

Donavin L. Grenz (argued), Linton, N.D., for defendant and appellant.

Janet Holter Zander, Zander Law Office, P.C., Williston, N.D., for plaintiff and appellee; submitted on brief.

NEUMANN, Justice.

[¶ 1] Zane Louis Giese appeals from the trial court's amended judgment compelling him to pay $526 per month in child support. We reverse and remand for further proceedings consistent with this opinion.

## I

[¶ 2] In 1995, Zane Louis Giese and Janet Pauline Christoffersen were married in Montana. During their marriage, two children were born. The marriage ended in divorce by default judgment on February 26, 2002. Under a Montana court judgment, Christoffersen was awarded primary physical custody, and Giese was ordered to pay $679 per month in child support. Christoffersen and the children subsequently moved to North Dakota. Giese worked for Contact Centers Unlimited (CCU) from November 2001 until September 2002 when he voluntarily quit and started a computer services company. Since that time, Giese has not maintained his previous level of earnings. In January 2003, the Montana support order was registered in Emmons County District Court, North Dakota, under N.D.C.C. § 14–12.2–39.

[¶ 3] In February 2003, Giese moved for a modification of the Montana court order. A hearing was held to determine Giese's child support obligation, among other issues. Both Giese and Christoffersen offered calculations of his income. The trial court entered a judgment ordering Giese to pay $526 per month in child support, finding Giese had voluntarily quit his employment at CCU, and imputing income under N.D. Admin. Code § 75–02–04.1–07(9). Giese appealed.

## II

[¶ 4] On appeal, Giese argues the support award should be reduced because the trial court failed to comply with the child support guidelines. Christoffersen argues the trial court correctly applied the guidelines because Giese failed to present credible evidence of his earnings, and because Christoffersen provided the only credible calculation for determining his child support obligation.

[¶ 5] We have clearly outlined our standard of review for child support determinations.

Child support determinations involve questions of law which are subject to the de novo standard of review, findings of fact which are subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review. A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines in determining an obligor's child support obligation. As a matter of law, the trial court must clearly set forth how it arrived at the amount of income and level of support. The trial court's findings of fact in making its child support determination are overturned on appeal only if they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made.

*Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518 (citations omitted).

[¶ 6] The trial court determined Giese voluntarily quit his employment at CCU in September 2002, which resulted in a re-

duction in income. When income is imputed after an obligor voluntarily changes employment resulting in a reduction of income, N.D. Admin. Code § 75–02–04.1–07(9) describes the formula for calculating imputed income:

> [M]onthly gross income equal to one hundred percent of the obligor's greatest average monthly earnings, in any twelve consecutive months beginning on or after thirty-six months before commencement of the proceeding before the court, for which reliable evidence is provided, less actual monthly gross earnings, may be imputed. . . .

"In effect, under this provision child support will be calculated based upon the average of the obligor's twelve highest consecutive monthly earnings beginning three years prior to initiation of the current proceedings." *Logan v. Bush*, 2000 ND 203, ¶ 19, 621 N.W.2d 314.

[¶ 7] The trial court found Giese's earnings in 2002 equaled $22,869.34 from wages earned at CCU. Because Giese voluntarily left his employment at CCU in September 2002, the trial court found that had Giese continued to work for CCU the entire 2002 tax year, his earnings would have totaled $30,492.00 ( [$22.869.34/9] × 12). The trial court imputed income based on $30,492.00, the hypothetical approximation of what Giese would have earned had he remained at CCU the entire year.

[¶ 8] We have previously noted that a trial court cannot calculate income in this manner. "Section 75–02–04.1–07(9) clearly requires the court to calculate imputed income based upon an obligor's *actual* income in a prior twelve-month period. The court cannot pick the highest nine months and extrapolate that to a twelve-month figure." *Logan*, 2000 ND 203, ¶ 21, 621 N.W.2d 314. The trial court failed to comply with the child support guidelines and erred in imputing the

$30,492.00 in income based on the hypothetical approximation.

[¶ 9] On February 26, 2003, Giese moved to amend the judgment determining his child support obligation. Section 75–02–04.1–07(9) requires that income be imputed based on Giese's highest actual earnings in a consecutive twelve-month period, beginning on or after February 26, 2000, for which reliable evidence was provided. The trial court found Giese's earnings information for 2003 "was both incomplete and unsubstantiated." Giese provided the trial court with a copy of his 2001 tax return without attaching the corresponding W–2 forms. The 2001 tax return includes $4,621 in wages. Because Giese did not provide his W–2 forms, the trial court was unable to determine what amount he earned at CCU during the months of November and December. Giese's highest actual earnings in a consecutive twelve-month period would presumably include the months of November and December 2001, when he was employed at CCU.

[¶ 10] On remand, if Giese fails to supply the trial court with adequate information to calculate his income, the amount of child support determined by the Montana court will remain unchanged. Giese moved the trial court for amendment of his child support. A movant for amendment of a child support order has the burden of proving the existing amount is not in conformity with the amount required by the guidelines. *Helbling v. Helbling*, 541 N.W.2d 443, 446 (N.D.1995). The trial court found Giese's income was incomplete and unsubstantiated. Failure to supply adequate evidence of income can result in denial of the motion. *See Henry v. Henry*, 2000 ND 10, ¶ 7, 604 N.W.2d 234. If the trial court determines Giese has failed to supply adequate evidence, his motion should be denied and the original

determination will remain unchanged. Giese cannot move to amend child support and benefit from his failure to supply adequate financial information. *See Anderson v. Anderson,* 504 N.W.2d 569, 571 (N.D. 1993) (stating "[w]e will not permit a party to take advantage of his duplicity at the trial court level to urge error on appeal").

### III

[¶ 11] We reverse the trial court's amended judgment and remand for a child support determination under N.D. Admin. Code § 75–02–04.1–07(9) based on Giese's actual highest income in a twelve-month consecutive period. If Giese fails to supply the trial court with adequate income information, his motion should be denied and the Montana court judgment for child support in the amount of $679 will remain unchanged.

[¶ 12] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.