# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 155

| | |
|---|---|
| Kathy Wolt, | Plaintiff and Appellee |
| v. | |
| Steve Wolt, | Defendant and Appellant |
| and | |
| State of North Dakota, | Statutory Real Party in Interest and Appellee |

No. 20180304

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Arnold V. Fleck, Bismarck, ND, for defendant and appellant.

Sheila K. Keller, Special Assistant Attorney General, Bismarck, ND, for statutory real party in interest and appellee.

**McEvers, Justice.**

[¶1]    Steve Wolt appeals from a judgment setting his monthly child support obligation at $923 and from an order denying his motion for sanctions against the State and its attorney for allegedly frivolous legal positions posited during the child support proceedings.  We conclude the district court correctly interpreted the Child Support Guidelines in calculating Steve Wolt's child support obligation and, accordingly, we affirm the judgment and the order.

I

[¶2]    Steve and Kathy Wolt were divorced in 2009 following contentious divorce proceedings and Kathy Wolt was granted primary residential responsibility of the couple's three children and Steve Wolt was ordered to pay child support in accordance with the Child Support Guidelines.  *See Wolt v. Wolt*, 2010 ND 26, ¶ 1, 778 N.W.2d 786 (affirming divorce judgment); *Wolt v. Wolt*, 2011 ND 170, ¶ 1, 803 N.W.2d 534 (affirming denial of motion to award Steve Wolt primary residential responsibility of the children).  After the second oldest child turned 18 years old and graduated from high school, Steve Wolt moved to modify his child support obligation. *See* N.D.C.C. § 14-09-08.2(1).  Relying on N.D. Admin. Code § 75-02-04.1-01(10), which defines "self-employment," Steve Wolt argued his W-2 wages received from his Subchapter S corporation constitute self-employment income resulting in a total net monthly income of $3,612 and a monthly child support obligation of $685.  The State responded that Steve Wolt's child support obligation should be $923 per month based on a total net monthly income of $5,054 because under N.D. Admin. Code § 75-02-04.1-05, which governs the determination of self-employment net income, his W-2 wages cannot be included as net earnings from self-employment but must be considered separately as regular earnings.

1

[¶3]   The district court agreed with the State's interpretation of the Child Support Guidelines and ordered Steve Wolt to pay $923 per month in child support for his remaining minor child.  Steve Wolt then moved for an award of sanctions against the State and its attorney under N.D.R.Civ.P. 11(b)(2) claiming its arguments in the child support proceedings were not warranted by existing law.  The court denied the motion.


## II

[¶4]   Steve Wolt argues the district court erred in calculating his child support obligation.

[¶5]   In *Knudson v. Knudson*, 2018 ND 199, ¶¶ 24-25, 916 N.W.2d 793, we explained:

> Child support determinations involve questions of law subject to the de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and may, in some limited areas, be matters of discretion subject to the abuse of discretion standard of review.  *Ferguson v. Wallace-Ferguson*, 2018 ND 122, ¶ 21, 911 N.W.2d 324.  A court errs as a matter of law if it does not comply with the requirements of the child support guidelines.  *Id.*
>
> The child support guidelines, N.D. Admin. Code ch. 75-02-04.1, govern child support determinations.  The amount of child support calculated under the guidelines is rebuttably presumed to be the correct amount of child support.  N.D. Admin. Code § 75-02-04.1-13.  "A correct finding of an obligor's net income is essential to determining the proper amount of child support."  *Thompson v. Johnson*, 2018 ND 142, ¶ 9, 912 N.W.2d 315 (quoting *Raap v. Lenton*, 2016 ND 195, ¶ 5, 885 N.W.2d 777).  "Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income."  N.D. Admin. Code § 75-02-04.1-02(7).  Child support calculations "are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income."  N.D. Admin. Code § 75-02-04.1-02(8).

[¶6]   Steve Wolt is primarily self-employed by Wolt Transport, Inc., a Subchapter S corporation of which he is the president and sole shareholder.  We explained the

attributes of Subchapter S corporations in *Gunia v. Gunia*, 2009 ND 32, ¶ 14, 763 N.W.2d 455:

> A Subchapter S corporation is designed to tax corporate income on a pass-through basis to shareholders of a small business corporation. I William H. Painter, *Painter on Close Corporations* § 1.10.1 (3d ed. 1999). *See* 26 U.S.C.A. § 1361. "Since . . . a Subchapter S corporation is not taxed on its earnings, the various income, expense, loss, credit, and other tax items 'pass through' and become tax items of the individual shareholders in accordance with their pro rata interest in the corporation . . . and are taxable to or deductible by shareholders in a manner analogous to that which is applicable to partners." I *Painter*, at § 1.10.3. The income and expenses from [a person's] solely-owned Subchapter S corporation are attributable to him. *See* N.D. Admin. Code § 75-02-04.1-01(10) (self-employment means employment income from organization that obligor directly or indirectly controls).

[¶7]   Here, the average of the most recent five-year period of Steve Wolt's self-employment activity based on his personal tax returns was used to calculate his child support obligation. *See* N.D. Admin. Code §§ 75-02-04.1-02(7) and 75-02-04.1-05(4); *Thompson v. Johnson*, 2019 ND 111, ¶ 9. Steve Wolt does not challenge the district court's averaging of the most recent five-year period based on his tax returns. Rather, he challenges the court's treatment of his W-2 wages on his tax returns as regular earnings rather than self-employment income.

[¶8]   The parties' arguments focus on two provisions of the Child Support Guidelines, N.D. Admin. Code §§ 75-02-04.1-01(10) and 75-02-04.1-05(1)(a)(1). Self-employment is defined in N.D. Admin. Code § 75-02-04.1-01(10):

> "Self-employment" means employment that results in an obligor earning income from any business organization or entity which the obligor is, to a significant extent, able to directly or indirectly control. For purposes of this chapter, it also includes any activity that generates income from rental property, royalties, business gains, partnerships, trusts, corporations, and any other organization or entity regardless of form and regardless of whether such activity would be considered self-employment activity under the Internal Revenue Code.

[¶9]   The determination of net income from self-employment is set forth in part in N.D. Admin. Code § 75-02-04.1-05(1)(a)(1), which provides:

1.     Net income from self-employment means total income, for internal revenue service purposes, of the obligor:

     a.     Reduced by that amount, if any, of:

          (1)     That total income that is not the obligor's income or that is otherwise included in gross income.

[¶10] Steve Wolt argues he fits within the definition of self-employment under N.D. Admin. Code § 75-02-04.1-01(10) and, therefore, his W-2 wages received from his Subchapter S corporation constitute self-employment income under N.D. Admin. Code § 75-02-04.1-05(1). The State does not dispute that Wolt Transport, Inc., is a self-employment activity under N.D. Admin. Code § 75-02-04.1-01(10). The State argues this definition section applies only to determinations whether income-generating activity is self-employment for purposes of child support but does not control how the self-employment income is calculated. The State argues that the child support calculation starts with the obligor's total income for Internal Revenue Service purposes which is then reduced under N.D. Admin. Code § 75-02-04.1-05(1)(a)(1) by the total income "that is not the obligor's income or that is otherwise included in gross income." The State contends that Wolt's W-2 wages from his Subchapter S corporation are in addition to the income reported as being generated by the corporation and qualify as income "that is otherwise included in gross income." According to the State, using the W-2 wages before the net income from self-employment has been calculated results in an improper child support obligation because there would be no corresponding recalculation of the corporation's expenses, such as the deduction for his wages and the corporation's contributions for his Social Security and Medicare taxes and unemployment and workers compensation premiums.

[¶11] We agree with the State and the district court that Steve Wolt's W-2 wages are not self-employment income. Although N.D. Admin. Code § 75-02-04.1-01(10) describes activities that are considered self-employment, the "[d]etermination of a self-employed individual's income for the purpose of calculating a child support obligation is governed, at least initially, by N.D. Admin. Code § 75-02-04.1-05."

4

*Thompson*, 2019 ND 111, ¶ 9. "Net income from self-employment means total income, for internal revenue service purposes, of the obligor." N.D. Admin. Code § 75-02-04.1-05(1). Under the Internal Revenue Code, 26 U.S.C. § 1402(b)(1), "[t]he term 'self-employment income' means the net earnings from self-employment derived by an individual . . . during any taxable year," but does not include "the amount of the wages paid to such individual during such taxable years." Examples of "gross income" listed in N.D. Admin. Code § 75-02-04.1-01(4)(b) also differentiate between "wages" and "net income from self-employment." Steve Wolt's W-2 wage income must be added after the net income from self-employment has been calculated. *See Halberg v. Halberg*, 2010 ND 20, ¶ 17, 777 N.W.2d 872 ("All other types of income, including in-kind income, must be added to the net income from self-employment to calculate the obligor's gross income."). Consequently, because Steve Wolt's W-2 wages are not included in net earnings from self-employment, the W-2 wages must be treated separately as regular wages under the broad definition of "gross income" found in N.D. Admin. Code § 75-02-04.1-01(4)(b). *See Knudson*, 2018 ND 199, ¶ 26, 916 N.W.2d 793.

[¶12] We conclude the district court did not err in calculating Steve Wolt's child support obligation.

III

[¶13] Steve Wolt's arguments that the district court erred in failing to impose sanctions on the State and its attorney and that the judge should be removed from hearing this matter for agreeing with the State's position are without merit. We affirm the judgment and the order.

[¶14] Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.