# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 212

| | |
|---|---|
| Sabrina Bickel, | Plaintiff and Appellant |
| v. | |
| Matthew Bickel, | Defendant and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest and Appellee |

## No. 20200026

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Jerilynn B. Adams, Fargo, ND, for plaintiff and appellant.

Tracy J. Lyson, Fargo, ND, for defendant and appellee.

Adair R. Boening (on brief), Special Assistant Attorney General, Fargo, ND, for statutory real party in interest and appellee.

**McEvers, Justice.**

[¶1]   Sabrina Bickel appeals from a second amended judgment modifying Matthew Bickel's child support obligation, order for amended judgment, and order on her motion to compel discovery. She argues the district court erred by miscalculating child support, incorrectly setting the commencement date for the modification of child support, and failing to award her attorney's fees. We reverse the second amended judgment and corresponding order for amended judgment, and remand to the district court for proceedings consistent with this opinion.

I

[¶2]   Sabrina and Matthew Bickel were married in 2000 and have two minor children. In April 2018, the parties executed a "Marital Termination Agreement," and the district court entered judgment, which provided, in relevant part, that Matthew Bickel was obligated to pay $226 per month in child support.

[¶3]   In May 2019, Sabrina Bickel moved to amend child support, requesting an increase in Matthew Bickel's child support obligation based upon his earning capacity as a physician assistant. Prior to the scheduled hearing on the motion to amend child support, Sabrina Bickel moved to compel discovery, arguing Matthew Bickel had failed to provide thorough and complete answers to interrogatories and responses to requests for production of documents. She also requested attorney's fees as a sanction under N.D.R.Civ.P. 37(a) for failing to provide discovery. The district court ordered Matthew Bickel to turn over his personal tax returns and copies of his pay stubs for the previous two years. The court did not address attorney's fees.

[¶4]   After a hearing on Sabrina Bickel's motion to amend child support, the district court entered an order and made the following findings of fact:

1

Matthew has been active with the Army National Guard for 23 years. That has been his sole source of income since mid-2016. . . .

Matthew's current income is from his fulfillment of his duty through the Colorado National Guard for orders from February 15, 2019 through September 30, 2019. His total income from that endeavor is $46,696.74. Beginning on April 13, 2018, through December 31, 2018, Matthew's income was $95,007.28. This income was derived from Matthew's fulfillment of duty orders from the Colorado National Guard in missile defense. These orders terminated at the end of 2018.

. . . .

Here, Matthew's 2018 income is not a predictor of his income in the future.

. . . .

Sabrina also argues that this Court should presumably impute additional income to Matthew because of his ability to work for more money.

Matthew, however, is underemployed only if his income is less than 167 times the federal hourly minimum wage. See N.D. Admin. Code § 75-02-04.1-07. Matthew's income exceeds that. Here, there is no presumption that Matthew is underemployed.

Sabrina argues she has proven that Matthew is underemployed. The Court disagrees.

Matthew has not worked as a physician assistant since mid-2016. He has looked for similar jobs with no success. He is presently employed with the Army National Guard and has been deployed several times with some deployments providing him better income than others.

Sabrina seeks an upward departure. Matthew seeks a downward departure.

Sabrina has failed to prove by the preponderance of the evidence that deviation from the guidelines is in the best interests of the children.

Matthew seeks a downward departure for his travel expenses to see the children. The evidence shows, however, that he has not exercised all of his parenting time.

The Court concludes that Matthew has failed to prove by the preponderance of the evidence that deviation from the guidelines is in the best interests of the minor children.

The court increased Matthew Bickel's child support obligation, concluding, "Based on Matthew's current income of $46,697 per year, $2,060 monthly, his child support obligation for the two children is $590." The court entered an amended judgment in accordance with its order.

[¶5] In October 2019, Sabrina Bickel moved to amend the findings and judgment, arguing essentially the same points she now makes on appeal. After a hearing, the district court amended its order. The court made the same findings of fact that were in its prior order. However, the court increased Matthew Bickel's child support obligation, concluding, "Based on Matthew's current income of $46,697 per year, $2,060 monthly, his child support obligation for the two children is $875." Although the court did not explain its reasoning in its amended order, the discussion at the hearing indicates that the change in child support to $875 was a correction. The court appears to have given Matthew Bickel credit for a monthly $1,000 deduction for travel expenses in the prior order, although it found such a deduction was unwarranted. The court entered the second amended judgment accordingly.

II

[¶6] Sabrina Bickel argues the district court erred in calculating Matthew Bickel's child support obligation. Child support determinations involve questions of law, which are fully reviewable, findings of fact subject to the clearly erroneous standard, and in some areas, matters of discretion subject to the abuse of discretion standard. *Minyard v. Lindseth*, 2019 ND 180, ¶ 6, 930 N.W.2d 626. "A court errs as a matter of law if it does not comply with the

requirements of the child support guidelines." *Wolt v. Wolt*, 2019 ND 155, ¶ 5, 930 N.W.2d 589. As a matter of law, the court must clearly set forth how it arrived at the amount of income and level of support. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.*

A

[¶7] Sabrina Bickel argues the district court erred in calculating Matthew Bickel's child support obligation by using a partial year's income. The State of North Dakota, which is the statutory real party in interest, agrees. Matthew Bickel claims, "The district court made clear it determined [his] income based on his 2019 income and did not err in declining to 'extrapolate' additional income from a different contract and different employment to determine [his] child support obligation. There is no evidence in this record that [he] earned additional income in the remaining 4.5 months of the year."

[¶8] The district court found: "Matthew's current income is from his fulfillment of his duty through the Colorado National Guard for orders from February 15, 2019 through September 30, 2019. His total income from that endeavor is $46,696.74." It concluded, "Based on Matthew's current income of $46,697 per year, $2,060 monthly, his child support obligation for the two children is $875."

[¶9] "Each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and *how that net income was determined.*" N.D. Admin. Code § 75-02-04.1-02(9) (emphasis added). "The annual total of all income considered in determining a child support obligation must be determined and then divided by twelve in order to determine the obligor's monthly net income." N.D. Admin. Code § 75-02-04.1-02(6).

> Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully

4

apprise the court of all gross income. Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations must be provided.

N.D. Admin. Code § 75-02-04.1-02(7). "Because a proper finding of net income is essential to determine the correct amount of child support under the child support guidelines, we have said that, as a matter of law, a trial court must clearly set forth how it arrived at the amount of income and the level of support." *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417. "When a trial court does not clearly state how it calculated the amount of child support, this Court will reverse and remand for an explanation even if the record contains adequate evidence for the trial court to make a precise finding." *Id.*

[¶10] In *Berge*, 2006 ND 46, ¶ 1, we reversed and remanded the trial court's child support order for recalculation of the obligor's net income "accompanied by an explanation of how the court determined the amount." We concluded, in part, "It is improper to calculate an obligor's annual employment income based on a mid-year pay stub when, as here, the obligor's employment income is reflected on the prior year's tax return." *Id.* at ¶ 19. In analyzing the issue, we noted:

> In *Korynta v. Korynta*, 2006 ND 17, ¶¶ 17-18, 708 N.W.2d 895, we concluded that the trial court misapplied the law in calculating the obligor's child support obligation by extrapolating income based on a recent pay stub for only a six-month period, where the record contained the obligor's tax returns for the prior four years and the trial court provided no reasons for its extrapolation of income. We held, "unless the trial court makes a determination that evidence of an obligor's recent past circumstances is not a reliable indicator of his future circumstances, the trial court must not extrapolate an obligor's income under N.D. Admin. Code § 75-02-04.1-02(8)." *Korynta*, at ¶ 17. *See also Helbling*, 541 N.W.2d at 448 (trial court erred in calculating an obligor's child support based on a pay stub reflecting only eight months of employment income by extrapolating that amount into a twelve-month figure where there was evidence in

5

the record showing the obligor's total income for the prior year); *Brandner v. Brandner*, 2005 ND 111, ¶ 18, 698 N.W.2d 259 (because N.D. Admin. Code § 75-02-04.1-07(9)[1] requires a court to calculate imputed income based on the obligor's actual income in a prior twelve-month period, a court cannot use income earned during less than the twelve-month period and extrapolate that to a twelve-month period); *Christoffersen v. Giese*, 2005 ND 17, ¶ 8, 691 N.W.2d 195 (same); *Logan v. Bush*, 2000 ND 203, ¶ 21, 621 N.W.2d 314 (same).

*Berge*, at ¶ 18.

[¶11] Section 75-02-04.1-02(8), N.D. Admin. Code provides:

> Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income. If circumstances that materially affect the child support obligation have changed in the recent past or are very likely to change in the near future, consideration may be given to the new or likely future circumstances.

"This provision demonstrates that a district court is not unequivocally bound to past earnings history if the evidence in the record demonstrates that such past earnings are not a reliable indicator of the obligor's actual present or future ability to earn income and pay child support." *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 12, 763 N.W.2d 462.

[¶12] The district court found Matthew Bickel's 2018 income of $95,007 was not a predictor of his future income because it was derived from his fulfillment of duty orders from the Colorado National Guard in missile defense, which terminated at the end of 2018. Instead, the court based Matthew Bickel's child support obligation on his year-to-date 2019 income of $46,697, which he earned from February 15, 2019, through September 30, 2019, as the medical director at a special warfare school in Germany, teaching in the medical field.

---

[1] Now codified at N.D. Admin. Code § 75-02-04.1-07(7).

[¶13] The finding that Matthew Bickel's 2018 income was not a predictor of his future income allows the district court to consider other evidence of his income than the previous year's tax returns. For example, in *Brouillet v. Brouillet*, the court did not find the obligor underemployed which may have justified imputing income. 2016 ND 40, ¶ 21, 875 N.W.2d 485. Rather, the court calculated the obligor's income by extrapolating her hourly wage, as reflected on her December 15, 2014 paystub, to a one-year period, as opposed to utilizing her 2013 income tax return, which it found did not reliably indicate her future income. *Id*. The court found that the obligor had changed job locations in September 2014, and although she received a pay increase, her ability to work overtime was limited. *Id*. at ¶ 22. We affirmed the court's award of child support, concluding it properly calculated the obligor's income for purposes of determining her child support obligation. *Id*. at ¶ 23.

[¶14] Although the district court determined Matthew Bickel's 2018 income was not a reliable indicator of his future income, it did not state why his then-current partial year 2019 income of $46,697, which terminated at the end of September 2019, would be any more reliable. Thus, we hold that if the court finds certain past income an unreliable indicator of the obligor's future income, the court must explain why the income it utilized in determining the child support obligation was appropriate. Further, because the court based the child support obligation on an income earned in less than a 12-month period, the court must explain why it did not utilize the evidence it had to extrapolate an income for a 12-month period. Finally, pursuant to N.D. Admin. Code § 75-02-04.1-02(9), the court must explain how it calculated net income. We remand to the court for these explanations.

[¶15] Additionally, Matthew Bickel concedes the district court erred in providing the net monthly income of $2,060. Although the child support obligation increased in the amended order, presumably due to eliminating the monthly $1,000 deduction for travel expenses, the net monthly income remained the same. The court found that Matthew Bickel was not entitled to a downward departure for travel expenses. Thus, to the extent that deduction was incorrectly applied to the net income, on remand, we direct the court to adjust the net monthly income accordingly.

[¶16] Because we remand to the district court for further explanation of its calculation of Matthew Bickel's child support obligation, it would be premature to consider Sabrina Bickel's argument that the court erred by deciding not to use his 2018 income in determining child support.

B

[¶17] Sabrina Bickel argues that the district court further erred in calculating Matthew Bickel's child support obligation because it did not include his in-kind income for receiving free housing while living in Germany in 2019. The court did not make a finding on in-kind income for housing in its orders, and because it did not explain how it calculated net income, we are left to guess whether in-kind income for housing was included in calculating net income. Thus, on remand, we direct the court to address this issue.

[¶18] Matthew Bickel concedes that the district court erred by including a deduction for his health insurance premiums, and by eliminating the $2,000 annual deduction, his child support obligation would increase. Thus, to the extent the court included a deduction for health insurance in its calculation of net income, we reverse and remand to adjust the net income and child support obligation accordingly.

C

[¶19] Alternatively, Sabrina Bickel argues if a partial year's income is utilized, Matthew Bickel is underemployed and his income should be imputed based upon his earning capacity as a physician assistant.

[¶20] The district court made the following findings: "Matthew, however, is underemployed only if his income is less than 167 times the federal hourly minimum wage. See N.D. Admin. Code § 75-02-04.1-07. Matthew's income exceeds that. Here, there is no presumption that Matthew is underemployed."

[¶21] The child support guidelines provide that an obligor is presumed to be underemployed if the obligor's gross income from earnings is less than the greater of: (a) six tenths of the statewide average earnings for persons with

similar work history and occupational qualifications; or (b) a monthly amount equal to one hundred sixty-seven times the federal hourly minimum wage. N.D. Admin. Code § 75-02-04.1-07(2). If an individual is found to be underemployed, income must be imputed pursuant to N.D. Admin. Code § 75-02-04.1-07(3). Because the district court made a finding only as to subsection (b) of § 75-02-04.1-07(2), and not subsection (a), we remand on this issue for a finding on § 75-02-04.1-07(2)(a).

III

[¶22] Sabrina Bickel argues the district court erred by setting the commencement date for the modification of child support for October 1, 2019, rather than June 1, 2019.

[¶23] A district court's decision setting an effective date for a modified child support obligation is discretionary and will not be overturned on appeal absent an abuse of discretion. *Bertsch v. Bertsch*, 2006 ND 31, ¶ 7, 710 N.W.2d 113. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Datz v. Dosch*, 2014 ND 102, ¶ 22, 846 N.W.2d 724. "Generally, a modification of child support should be made effective from the date of the motion to modify, absent good reason to set some other date, and the 'court retains discretion to set some later effective date, but its reasons for doing so should be apparent or explained.'" *Marchus v. Marchus*, 2006 ND 81, ¶ 8, 712 N.W.2d 636 (quoting *Geinert v. Geinert*, 2002 ND 135, ¶ 10, 649 N.W.2d 237) (emphasis omitted).

[¶24] Sabrina Bickel moved to amend child support on May 22, 2019, and requested the district court to amend Matthew Bickel's child support obligation commencing June 1, 2019. The court set a commencement date for the new child support obligation of October 1, 2019. The only statements made by the court were that the commencement date "was not an accident" and that it was what it "meant to do." Because the court did not provide an explanation as to why it chose the October 1, 2019 commencement date, as opposed to the date

9

of when the motion to amend was filed, we remand to the court for further explanation.

IV

[¶25] Sabrina Bickel argues the district court erred by failing to award her attorney's fees, claiming Matthew Bickel has unreasonably increased the time spent on this matter.

[¶26] Under N.D.C.C. § 14-05-23, the district court has broad discretion to award attorney's fees in divorce proceedings. *Lewis v. Smart*, 2017 ND 214, ¶ 32, 900 N.W.2d 812. "We have said the primary standard for awarding attorney's fees under N.D.C.C. § 14-05-23 is consideration of one spouse's needs and the other spouse's ability to pay." *Brew v. Brew*, 2017 ND 242, ¶ 32, 903 N.W.2d 72. "However, we have also recognized attorney's fees may be appropriate where a party's actions have unreasonably increased the time spent on a case." *Id.* (quotation omitted). Sabrina Bickel requested attorney's fees on three occasions in the district court. The court did not address whether attorney's fees were warranted under N.D.C.C. § 14-05-23.

[¶27] The district court also has broad discretion regarding discovery. *Thompson v. Johnson*, 2018 ND 142, ¶ 22, 912 N.W.2d 315. Rule 37(a)(5), N.D.R.Civ.P., provides:

> *(a) Motion for an Order Compelling Discovery.*
>
> . . . .
>
> (5) Payment of Expenses; Protective Order.
>
>> (A) If the Motion Is Granted (or Discovery Is Provided After Filing). If the motion is granted—or if the requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.
>
> . . . .
>
> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

[¶28] In her motion to compel discovery, Sabrina Bickel moved the district court for an order: 1) compelling Matthew Bickel to provide thorough and complete answers to interrogatories and responses to requests for production of documents, and 2) awarding her attorney's fees. The court ordered Matthew Bickel to turn over his personal tax returns and copies of his pay stubs for the previous two years. However, it did not address attorney's fees. Because the district court granted the relief Sabrina Bickel sought in her motion to compel discovery, either in whole or in part, the court should have considered whether an award of attorney's fees was appropriate under N.D.R.Civ.P. 37(a)(5).

[¶29] On remand, we direct the district court to rule on whether Sabrina Bickel is owed attorney's fees under N.D.C.C. § 14-05-23 or N.D.R.Civ.P. 37(a)(5).

## V

[¶30] We reverse the second amended judgment and the "Amended Findings of Fact, Conclusions of Law and Order for Amended Judgment," and remand to the district court for proceedings consistent with this opinion.

[¶31] Lisa Fair McEvers
    Gerald W. VandeWalle
    Jerod E. Tufte
    Daniel J. Crothers
    Jon J. Jensen, C.J.