# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 15

Ellen Crecelius Reed,                                    Plaintiff and Appellee

  v.

Paul Trevizo Reed,                                    Defendant and Appellant

  and

State of North Dakota, Department

of Human Services,          Statutory Real Party in Interest and Appellee

## No. 20220241

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Ellen C. Reed, Minot AFB, ND, plaintiff and appellee; submitted on brief.

Shawn L. Autrey, Grand Forks, ND, for defendant and appellant; submitted on brief.

Ethan Sonterre, Special Assistant Attorney General, Grand Forks, ND, for statutory real party in interest and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Paul Reed appeals a district court judgment modifying his child support obligation, arguing the court erred in determining his gross income. We reverse and remand for the district court to make findings consistent with this opinion.

I

[¶2]   Paul Reed and Ellen Reed were previously married and share three children together. Paul Reed and Ellen Reed were divorced on October 27, 2017. Ellen Reed was awarded primary residential responsibility of the three minor children and Paul Reed was ordered to pay child support.

[¶3]   On February 8, 2022, the State filed a motion to modify judgment, requesting Paul Reed's child support obligation be modified to be consistent with the North Dakota Child Support Guidelines. Paul Reed has two separate sources of income, a military disability benefit of $2,571.85 monthly and a military pension of $2,491.00 monthly. Paul Reed's first ex-wife receives a monthly payment of $622.75 from his military pension and a monthly payment of $189.72 for a Survivor Benefit Plan (SBP). Paul Reed's second ex-wife, Ellen Reed, receives a monthly payment of $327.00 from his military pension. Paul Reed argued the payments made to his ex-wives should be deducted from his total gross income when calculating his child support obligation. The district court disagreed, did not deduct the payments made to his ex-wives, and modified Paul Reed's monthly child support obligation to $1,657.00 per month.

II

[¶4]   When reviewing a district court's calculation of child support, we utilize a mixed standard of review:

> Child support determinations involve questions of law, which are fully reviewable, findings of fact subject to the clearly erroneous standard, and in some areas, matters of discretion subject to the abuse of discretion standard. *Minyard v. Lindseth*, 2019 ND 180,

1

¶ 6, 930 N.W.2d 626. "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Wolt v. Wolt*, 2019 ND 155, ¶ 5, 930 N.W.2d 589. As a matter of law, the court must clearly set forth how it arrived at the amount of income and level of support. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.*

*Bickel v. Bickel*, 2020 ND 212, ¶ 6, 949 N.W.2d 832.

[¶5] We must first consider whether the district court erred in concluding Paul Reed's military disability benefit and military pension should be considered income. Section 14-09-09.10(9), N.D.C.C., defines income as "any form of payment, regardless of source, owed to an obligor, including any earned, unearned, taxable or nontaxable income, workforce safety and insurance benefits, disability benefits, unemployment compensation benefits, annuity and retirement benefits, but excluding public assistance benefits administered under state law." Section 75-02-04.1-01(4)(b), N.D. Admin. Code, provides examples of gross income:

Examples of gross income include salaries, wages, overtime wages, commissions, bonuses, employee benefits, currently deferred income, dividends, severance pay, pensions, interest, trust income, annuities income, gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, distributions of retirement benefits, receipt of previously deferred income to the extent not previously considered in determining a child support obligation for the child whose support is under consideration, veterans' benefits (including gratuitous benefits), gifts and prizes to the extent they annually exceed one thousand dollars in value, spousal support payments received, refundable tax credits, value of in-kind income received on a regular basis, children's benefits, income imputed based upon earning capacity, military subsistence payments, and net income from self-employment.

2

The definition of income is "very broad and is intended to include any form of payment to an obligor, regardless of source, which is not specifically excluded under the guidelines." *Wilson v. Wilson*, 2014 ND 199, ¶ 24, 855 N.W.2d 105 (quoting *Berge v. Berge*, 2006 ND 46, ¶ 12, 710 N.W.2d 417).

[¶6]   The district court determined both Paul Reed's military disability benefit and his military pension are considered income because they both fall under the definition of gross income in N.D. Admin. Code § 75-02-04.1-01(4)(b). Although we agree military disability benefits and military pension payments payable to Paul Reed fall within the definition and examples of income provided, we conclude retirement benefits allocated within the property division in the prior divorce proceedings is not income for child support purposes.

[¶7]   We conclude the allocation of $622.75 to Paul Reed's first ex-wife should not be included in his calculation of income for child support because the funds are the property of his first ex-wife. The payment is specifically included in the property division in Paul Reed and his first ex-wife's divorce judgment. Moreover, each month the $622.75 is removed from the payment Paul Reed receives from his military pension. Although not determinative, we note that Paul Reed is not taxed on the $622.75. *See Otterson v. Otterson*, 1997 ND 232, ¶ 19, 571 N.W.2d 648 (noting our statutory definition of income for child support purposes includes both taxable and nontaxable amounts). The payment of $622.75 to Paul Reed's first ex-wife is her property and therefore should not be included in calculating Paul Reed's income.

[¶8]   The monthly payment of $327.00 to Ellen Reed from Paul Reed's military pension is Ellen Reed's property and should not be included in calculating Paul Reed's income. The monthly payment of $327.00 to Ellen Reed is included in the divorce decree in the section dividing the property between the parties. While Ellen Reed's payment is not removed from Paul Reed's monthly payment from his military pension, Paul Reed testified that the only reason he pays the money directly to Ellen Reed is because the Defense Finance and Accounting Service (DFAS) will not allow more than fifty percent of his payment to be garnished and directly allocating to Ellen Reed her share of the pension would

3

require the DFAS to garnish over fifty percent of his payment. The monthly payment of $327.00 to Ellen Reed is property of Ellen Reed and therefore is not Paul Reed's income.

[¶9]   The monthly SBP payment of $189.72 was correctly included in Paul Reed's income. The SBP payment is not included within the division of property in the divorce judgment.

### III

[¶10] Paul Reed's monthly gross income includes $1,541.25 from his military pension and $2,571.85 from his military disability benefit, totaling $4,113.10. We remand for the district court to calculate Paul Reed's child support obligation consistent with this opinion.

[¶11] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr

4