# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 154

Jason Derek Anderson,

Plaintiff and Appellant

v.

Olivia Jean Foss,

Defendant and Appellee

and

State of North Dakota,

Statutory Real Party in Interest

### No. 20240008

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan L. Bailey, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

Opinion of the Court by Jensen, Chief Justice, in which Justices Crothers, Tufte, and Bahr joined. Justice McEvers filed an opinion concurring in part and dissenting in part.

Lisa M. Benson, Fargo, ND, for plaintiff and appellant; submitted on brief.

Rachel M. Hanson, Fargo, ND, for defendant and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Jason Anderson appeals from an order modifying provisions of the parties' parenting plan and corresponding second amended judgment. We affirm the amended judgment in part requiring Jason Anderson to take the child to extracurricular activities during his parenting time, and remand while retaining jurisdiction under N.D.R.App.P. 35(a)(3) for a period of thirty days with instructions that the district court make sufficient findings for appellate review.

I

[¶2]   Jason Anderson and Olivia Foss were never married but share one child, L.C.A., born in 2015. In July 2022, Olivia Foss filed a motion to modify the parties' parenting plan to provide her with sole decision-making responsibility, to require Jason Anderson to take L.C.A. to extracurricular activities during his parenting time, and seeking reimbursement for one-half of the health insurance premiums for the minor child.  Jason Anderson filed a response and countermotion seeking a child support modification. Following a two-day evidentiary hearing, the district court ordered an amended judgment modifying provisions of the parties' parenting plan and modifying the parties' child support obligation.

II

[¶3]   Jason Anderson argues the district court erred by setting the commencement date for the modification of child support for September 2023, rather than September 2022. A district court's decision setting an effective date for a modified child support obligation is discretionary and will not be overturned on appeal absent an abuse of discretion. *Bertsch v. Bertsch*, 2006 ND 31, ¶ 7, 710 N.W.2d 113. "A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Datz v. Dosch*, 2014 ND 102, ¶ 22, 846 N.W.2d 724. "Generally, a modification of child support should be made effective from the date of the motion to modify, absent good reason to set some other date, and the 'court retains discretion to set some *later effective date*, but its reasons for doing so should be apparent or explained.'" *Marchus v. Marchus*, 2006 ND 81, ¶ 8, 712 N.W.2d 636 (quoting *Geinert v. Geinert*, 2002 ND 135, ¶ 10, 649 N.W.2d 237) (emphasis omitted).

[¶4]    The parties have equal parenting time, and after offsetting their respective child support obligations, Olivia Foss is the obligor and Jason Anderson is the recipient. Jason Anderson moved to amend the child support on August 4, 2022, and requested the district court to commence the modified support beginning September 2022. Without explanation, the court set a commencement date for the new child support obligation of September 2023. Because the court did not provide an explanation as to why it chose the September 2023 commencement date, as opposed to the date when the motion to amend was filed, we remand to the court for further explanation.

III

[¶5]    In modifying the child support, the district court concluded, "Olivia earns $37.97 an hour and works 32 hours a week. Olivia's total gross income for child support purposes is $63,182.00. After deductions, Olivia's net annual income is $50,949.00, and her net monthly income is $4,246.00. Olivia's presumptively correct child support obligation for L.C.A. is $780.00 per month." Jason Anderson argues the district court erred in calculating Olivia Foss's child support obligation by using a partial year's income and limiting Olivia Foss's hourly pay to 32 hours a week without making findings necessary to support the use of the earnings for a partial year and less than a 40-hour work week.

[¶6]    Child support determinations involve questions of law, which are fully reviewable, findings of fact subject to the clearly erroneous standard, and in some areas, matters of discretion subject to the abuse of discretion standard. *Minyard v. Lindseth*, 2019 ND 180, ¶ 6, 930 N.W.2d 626. "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Wolt v. Wolt*, 2019 ND 155, ¶ 5, 930 N.W.2d 589. As a matter of law, the court must clearly set forth how it arrived at the amount of income and level of support. *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.*

[¶7]    "Each child support order must include a statement of the net income of the obligor used to determine the child support obligation, and *how that net income was determined.*" N.D. Admin. Code § 75-02-04.1-02(9) (emphasis added). "The annual total of all income considered in determining a child support obligation must be determined and then divided by twelve in order to determine the obligor's monthly net income." N.D. Admin. Code § 75-02-04.1-02(6).

2

Income must be sufficiently documented through the use of tax returns, current wage statements, and other information to fully apprise the court of all gross income. Where gross income is subject to fluctuation, regardless of whether the obligor is employed or self-employed, information reflecting and covering a period of time sufficient to reveal the likely extent of fluctuations, not to exceed five years, must be provided.

N.D. Admin. Code § 75-02-04.1-02(7). "Because a proper finding of net income is essential to determine the correct amount of child support under the child support guidelines, we have said that, as a matter of law, a trial court must clearly set forth how it arrived at the amount of income and the level of support." *Berge v. Berge*, 2006 ND 46, ¶ 8, 710 N.W.2d 417. "When a trial court does not clearly state how it calculated the amount of child support, this Court will reverse and remand for an explanation even if the record contains adequate evidence for the trial court to make a precise finding." *Id.*

[¶8]    In *Berge*, 2006 ND 46, ¶ 1, we reversed and remanded the trial court's child support order for recalculation of the obligor's net income "accompanied by an explanation of how the court determined the amount." We concluded, in part, "It is improper to calculate an obligor's annual employment income based on a mid-year pay stub when, as here, the obligor's employment income is reflected on the prior year's tax return." *Id.* at ¶ 19. In analyzing the issue, we noted:

> In *Korynta v. Korynta*, 2006 ND 17, ¶¶ 17-18, 708 N.W.2d 895, we concluded that the trial court misapplied the law in calculating the obligor's child support obligation by extrapolating income based on a recent pay stub for only a six-month period, where the record contained the obligor's tax returns for the prior four years and the trial court provided no reasons for its extrapolation of income. We held, "unless the trial court makes a determination that evidence of an obligor's recent past circumstances is not a reliable indicator of his future circumstances, the trial court must not extrapolate an obligor's income under N.D. Admin. Code § 75-02-04.1-02(8)." *Korynta*, at ¶ 17. *See also Helbling [v. Helbling]*, 541 N.W.2d [443] at 448 [(N.D.1995)] (trial court erred in calculating an obligor's child support based on a pay stub reflecting only eight months of employment income by extrapolating that amount into a twelve-month figure where there was evidence in the record showing the obligor's total income for the prior year); *Brandner v. Brandner*, 2005 ND 111, ¶ 18, 698 N.W.2d 259 (because N.D. Admin. Code § 75-02-04.1-07(9) requires a court to calculate imputed income based on the obligor's actual income in a prior twelve-month period, a court cannot use income earned during less than the twelve-month period and extrapolate that to a twelve-month period); *Christoffersen v. Giese*, 2005

ND 17, ¶ 8, 691 N.W.2d 195 (same); *Logan v. Bush*, 2000 ND 203, ¶ 21, 621 N.W.2d 314 (same).

*Berge,* at ¶ 18.

[¶9]    Section 75-02-04.1-02(8), N.D. Admin. Code, provides:

> Calculations made under this chapter are ordinarily based upon recent past circumstances because past circumstances are typically a reliable indicator of future circumstances, particularly circumstances concerning income. If circumstances that materially affect the child support obligation have changed in the recent past or are very likely to change in the near future, consideration may be given to the new or likely future circumstances.

"This provision demonstrates that a district court is not unequivocally bound to past earnings history if the evidence in the record demonstrates that such past earnings are not a reliable indicator of the obligor's actual present or future ability to earn income and pay child support." *State ex rel. K.B. v. Bauer*, 2009 ND 45, ¶ 12, 763 N.W.2d 462.

[¶10]  At the evidentiary hearing, Jason Anderson offered a history of past earnings. The district court made no findings on whether or not Olivia Foss's past earnings were a predictor of her future income. Olivia Foss testified that she expects to work approximately 40 hours a week as is reflected in her recent paystubs submitted to the court. Without explanation, the court determined Olivia Foss's child support using a 32-hour work week.

[¶11]  *If* the district court found that Olivia Foss's prior income was not a predictor of her future income, the court would be permitted to consider evidence other than her income from her previous year's tax returns. *Bickel v. Bickel*, 2020 ND 212, ¶ 13, 949 N.W.2d 832. Here, the district court did not make a determination that Olivia Foss's past income was not a reliable indicator of her future income. The court also failed to provide findings supporting the use of a 32-hour work week instead of a 40-hour work week or explain why use of partial year paystubs would be more reliable. The district court is required to explain why past income is an unreliable indicator of the obligor's future income and why the income it utilized in determining the child support obligation was appropriate. Further, because the court based the child support obligation on an income earned in less than a 12-month period and on hours that differed from the obligor's testimony, the court must explain why it did not utilize the evidence it had to extrapolate Olivia Foss's income for a 12-month period. Finally, pursuant to N.D. Admin. Code § 75-02-04.1-02(9), the court must explain how it calculated an obligor's net income.

[¶12]   "When a trial court does not make required findings, it errs as a matter of law, and it is necessary to remand for additional findings." *Sailer v. Sailer,* 2009 ND 73, ¶ 28, 764 N.W.2d 445. We conclude the district court did not provide sufficient findings to allow proper appellate review of its decision, and we reverse and remand with instructions to make the required findings.

IV

[¶13]   The amended judgment requires the parties to split out-of-pocket medical expenses, including premiums. The district court found that "Olivia established that up to the date of the last hearing on this issue, she is entitled to reimbursement from Jason in the amount of $2,086.90" without providing an explanation as to how it arrived at that amount. On this record, we are unable to discern how the court arrived at that amount. We conclude the district court did not provide sufficient findings to allow proper appellate review of how it determined the amount of reimbursement, and we remand for the court to make adequate findings explaining its decision.

V

[¶14]   Olivia Foss was awarded sole decision-making authority, allowing her to make emergent and non-emergent medical, day-to-day, education, and religious decisions. Jason Anderson argues this award is overbroad and overreaching.

[¶15]   In making its decision, the district court analyzed best interest factors (a), (b), (c), and (m) and considered the lack of the ability of the parties to make joint decisions even after utilizing mediation and seeking professional assistance when they could not agree. The court found that Jason frustrated the decision-making process. Furthermore, the court found that the major decisions the parties failed to reach agreement on involved the child's education, medical matters, and development. The court found that the parties' inability to make these major decisions negatively affected the child.

[¶16]   In *Dick v. Erman,* we concluded that a trial court's determination to grant one parent final decision-making responsibility can be justified in a child custody proceeding if the parties cannot agree on a significant decision affecting their child, even after seeking professional assistance. 2019 ND 54, ¶ 15, 923 N.W.2d 137. Here the parties attempted, without success, both mediation and the use of a parenting coordinator. The evidence supports the finding that Oliva Foss and Jason Anderson cannot make important decisions jointly.

5

[¶17] The court did not misapply the law, there is evidence in the record to support its findings, and we are not left with a definite and firm conviction a mistake was made regarding the determination of decision-making responsibility to emergent and non-emergent medical decisions, education, and religion. However, the court's determination it would be in the child's best interest for Jason Anderson to lose the ability to make all day-to-day decisions is not specific enough for this Court to understand the court's rationale. We remand for an explanation of why all day-to-day decision-making was removed from one parent in a shared parenting plan.

## VI

[¶18] The district court ordered Jason Anderson to take the child to extracurricular activities during his parenting time or forego the parenting time. Jason argues this is tantamount to a parenting-time modification. We have said a district court may clarify a divorce judgment when the judgment is "vague, uncertain, or ambiguous," and clarification is often appropriate when the judgment "fails to specify some particulars[,] and uncertainties in the decree arise from subsequent events." *Rath v. Rath*, 2014 ND 171, ¶ 15, 852 N.W.2d 377. We conclude that Jason Anderson's parenting time was not modified, just clarified.

## VII

[¶19] For the reasons discussed in this opinion, we affirm in part, retain jurisdiction under N.D.R.App.P. 35(a)(3), and remand to the district court for a period of 30 days to provide additional findings without further evidentiary or other proceedings.

[¶20]   Jon J. Jensen, C.J.
          Daniel J. Crothers
          Jerod E. Tufte
          Douglas A. Bahr

**McEvers, Justice, concurring in part and dissenting in part.**

[¶21] I agree with the majority in all but section III. I respectfully dissent from a portion of that section.

[¶22] In section III, the majority finds error in the district court's use of a partial year's income for purposes of child support. I do not disagree with the analysis in section III except for this issue. In my opinion, the issue of the district court's use of a partial year's income for extrapolating Olivia Foss's income to calculate child support was waived by the appellant because he argued to the district court that Oliva Foss's wages of $37.97 per hour could be extrapolated. The only issue he preserved is how many hours per week should be used in the calculation. "A party may not raise an issue or contention that was not previously raised or considered in the lower court for the first time on appeal." *Schiele v. Schiele,* 2015 ND 169, ¶ 16, 865 N.W.2d 433. "Issues not raised before the trial court cannot be raised for the first time on appeal. The purpose of this rule is to prevent a party from inviting error upon the trial court and then seeking to prevail upon appellate review of the invited error." *Klose v. Klose*, 524 N.W.2d 94, 96 (N.D. 1994) (cleaned up).

[¶23] I concede Jason Anderson argued in his closing brief to the district court that it is improper to extrapolate income based on a paystub absent a specific finding that employment income reported on the previous year's tax return is not a reliable indicator of future earnings. However, he then argued the court consider his proposed findings together with his closing argument and the exhibits entered into evidence. In his proposed findings, Jason Anderson argued, "Olivia's income reported on her income tax returns for 2020 and 2021 is not a reliable indicator of her future earnings. *It is appropriate to extrapolate her current hourly pay* of $37.97/hr by a 40-hour work week by 52 weeks per year." (Emphasis added.) In my view, Jason Anderson has waived the issue of whether Olivia Foss's income can be extrapolated, and the district court need not further explain why the hourly rate of $37.97 was used to calculate child support.

[¶24] Lisa Fair McEvers