# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 41

State of North Dakota,

and

Elizabeth L. Allmendinger,

v.

Bryan J. Carrier,

Plaintiff

Plaintiff and Appellee

Defendant and Appellant

No. 20240210

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Erica J. Shively, Bismarck, ND, for plaintiff and appellee.

H. Malcom Pippin, Williston, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Bryan Carrier appeals the district court's corrected amended judgment denying the State of North Dakota's motion to modify child support and recalculating Carrier's child support obligation. We affirm.

I

[¶2]   Carrier and Elizabeth Allmendinger were never married but were involved in a relationship resulting in the birth of a child in 2017. In April 2018, the district court entered a judgment establishing Carrier's child support obligation to pay $3,500 per month. Carrier had two more children after the court entered the April 2018 judgment.

[¶3]   In April 2023, the State filed a motion for amended judgment, asking the court to reduce Carrier's child support obligation based on income information provided by Carrier. Carrier supported the State's motion. Allmendinger requested an evidentiary hearing and a continuance to conduct discovery.

[¶4]   The district court held multiple evidentiary hearings on the State's motion for amended judgment. After the hearings, the State filed a post-hearing brief and exhibit containing its guidelines worksheet, requesting child support be modified to $1,200 per month from May 2023 until December 2023, and $1,168 per month from January 2024 onward. Carrier filed his post-trial brief, asking the court to adopt the State's calculations. Allmendinger filed her closing brief and request to deny the motion, and exhibits calculating a monthly child support obligation of $3,416 per month before February 2024, and $3,382 thereafter.

[¶5]   In May 2024, the district court denied the State's motion for amended judgment, finding the State and Carrier failed to provide reliable information to calculate child support. But the court granted the State's motion to allow for a child support calculation reduced for multiple families based on the financial information in the original 2018 judgment. Allmendinger subsequently

1

submitted a proposed amended judgment and exhibit with a child support calculation of $4,028 per month.

[¶6] In June 2024, the district court entered the amended judgment based on Allmendinger's proposed amended judgment. Carrier moved for reconsideration, Allmendinger opposed the motion, and the State responded to the motion with a child support calculation correcting the calculation in the amended judgment. After a July 2024 hearing, the court "adopted the State's corrected calculation and ordered a corrected amended judgment be entered." In July 2024, the court entered the corrected amended judgment, setting Carrier's child support obligation at $3,278 per month, commencing June 1, 2024.

II

[¶7] "Child support determinations involve questions of law, which are fully reviewable, findings of fact subject to the clearly erroneous standard, and in some areas, matters of discretion subject to the abuse of discretion standard." *Anderson v. Foss*, 2024 ND 154, ¶ 6, 10 N.W.3d 570. "A court errs as a matter of law if it does not comply with the requirements of the child support guidelines." *Id.* (quoting *Wolt v. Wolt*, 2019 ND 155, ¶ 5, 930 N.W.2d 589). "As a matter of law, the court must clearly set forth how it arrived at the amount of income and level of support." *Id.* "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Minar v. Minar*, 2001 ND 74, ¶ 10, 625 N.W.2d 518).

III

[¶8] Carrier argues the district court erred in dismissing the motion to modify child support. He contends the court erred in finding he and the State did not provide reliable and appropriate information for the court to determine the child support amount.

[¶9] Generally, the party seeking to modify a child support obligation has the burden to provide appropriate and reliable information to support a modification of child support. *Schurmann v. Schurmann*, 2016 ND 69, ¶ 20, 877

N.W.2d 20; *Devine v. Hennessee*, 2014 ND 122, ¶ 11, 848 N.W.2d 679. As previously noted, this Court reviews the district court's findings of fact under the clearly erroneous standard. *Anderson*, 2024 ND 154, ¶ 6. In applying the clearly erroneous standard of review, we do not reweigh evidence or reassess witness credibility. *Ritter v. Ritter*, 2024 ND 147, ¶ 27, 10 N.W.3d 75.

[¶10] The district court found the State and Carrier "failed to provide the [c]ourt with reliable information to calculate child support." It further found the information the State and Carrier provided to the court "is unreliable and unverified. In fact, the information provided show[s] [Carrier] is being untruthful and evasive with his financial information." The court found Carrier's "taxes do not accurately reflect his income."

[¶11] The district court identified testimony and exhibits which support its findings that the information from the State and Carrier is unreliable and unverified, that Carrier was untruthful and evasive with his financial information, and that Carrier's taxes do not accurately reflect his income. For example, the court found Carrier is self-employed, having a 50 percent ownership in Riverside Welding, with his brother owning the other 50 percent interest. The court found Carrier owned Riverside Holding at the time of the original judgment but the entity had existed in name only since 2022 after a fire at the building. But Carrier was evasive on why Riverside Welding continued sending Riverside Holding money in 2023. The court further found Carrier used "his business account to pay for personal items, such as airline tickets, personal credit card accounts, vehicles that were used for personal use, attorneys' fees, etc." "When asked to explain these items and how they were business expenses," the court found Carrier "evasive." The court further found Carrier "could not explain, refused to explain, the discrepancies in the bank accounts and the tax returns," and that "he was being evasive during his entire testimony."

[¶12] We conclude the district court's findings are not clearly erroneous. The court's findings are not induced by an erroneous view of the law, evidence exists to support them, and, on the entire record, we are not left with a definite and firm conviction that a mistake has been made.

IV

[¶13] A district court errs as a matter of law if the court fails to comply with the child support guidelines in deciding a child support obligation. *Anderson*, 2024 ND 154, ¶ 6; *Wilson v. Wilson*, 2014 ND 199, ¶ 12, 855 N.W.2d 105. While "[t]he interpretation and application of a provision of the child support guidelines is a question of law, which is fully reviewable on appeal," *Wilson*, ¶ 12, we have also said we will not consider issues when the issues are not adequately briefed on appeal. "Issues are not adequately briefed when an appealing party fails to cite any supporting authority, and we will not consider them." *Burleigh Cnty. Soc. Serv. Bd. v. Rath*, 2023 ND 12, ¶ 15, 985 N.W.2d 725 (quoting *Rath v. Rath*, 2019 ND 303, ¶ 6, 936 N.W.2d 538).

[¶14] Carrier's briefs cite one case and no statutes. The one case cited by Carrier identifies the standard of review for child support determinations. Carrier presented no argument the district court failed to comply with the child support guidelines in determining the child support obligation. Carrier raised no issue about the proper child support calculation when an obligor is self-employed, *see, e.g.*, *Edison v. Edison*, 2024 ND 196, ¶¶ 14, 17, 13 N.W.3d 110; N.D. Admin. Code § 75-02-04.1-05, or whether income imputation was appropriate under the guidelines, *see, e.g.*, N.D. Admin. Code § 75-02-04.1-07(6). Nor does Carrier make any argument under specific child support guidelines. Thus, we decline to consider whether the district court complied with the child support guidelines in determining Carrier's child support obligation.

[¶15] We conclude the district court did not err in denying the motion to modify child support based on the movant's failure to provide reliable information to calculate child support.

V

[¶16] Allmendinger requests attorney's fees for having to defend against this appeal. "If the court determines that an appeal is frivolous . . . it may award just damages and single or double costs, including reasonable attorney's fees." N.D.R.App.P. 38. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *McCay v. McCay*,

2024 ND 130, ¶ 30, 9 N.W.3d 687. Although Carrier fails on appeal to raise a successful argument, we conclude Allmendinger has not demonstrated Carrier's appeal is groundless, devoid of merit, or pursued in bad faith. We deny Allmendinger's request for attorney's fees.

VI

[¶17] We affirm the corrected amended judgment.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr